**Roberto Antonio Ramirez BAIRES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74370.

United States Court of Appeals, Ninth Circuit.

Submitted July 18, 2008.*

Filed July 22, 2008.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL and RYMER, Circuit Judges, and MCNAMEE,** District Judge.

## MEMORANDUM ***

Roberto Antonio Ramirez Baires petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from the Immigration Judge's order denying his motion to reopen proceedings conducted *in absentia.* We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we deny the petition for review.

The BIA denied Ramirez's motion to reopen as untimely because it was not filed within the 180 day deadline. *See* 8 C.F.R. § 1003.23(b)(4)(ii). Ramirez concedes the motion was not timely filed but argues that he is entitled to equitable tolling due to ineffective assistance of counsel. Specifically, Ramirez argues that his attorney filed a deficient motion to reopen and a frivolous merits appeal, and failed to keep him apprised of the status of his case.

Equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS,* 321 F.3d at 897. To the extent that Ramirez's attorney provided him with ineffective assistance, Ramirez has not shown that he acted with due diligence in discovering that error. Over three years passed between the date that the BIA denied Ramirez's first motion to reopen and when Ramirez purportedly discovered his prior attorney's error, and Ramirez has failed to explain what prevented him from discovering the error during that

---

** The Honorable Stephen M. McNamee, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

period. *Cf. Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1225 (9th Cir.2002) (petitioner diligently discovered error within one month of denial of initial motion to reopen); *Iturribarria,* 321 F.3d at 899 (petitioner discovered error within one month of denial of appeal). Accordingly, the BIA did not abuse its discretion in denying Ramirez's motion to reopen as untimely.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.